UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

_____

1. PAUL JANCZAK
   1415 Rapids Trail
   Nekoosa, WI 54457

       Plaintiff,

   v.

1. TULSA WINCH GROUP
   11135 South James Avenue
   P.O. Box 1130
   Jenks, OK 74037-1130,

   -and-

2. DOVER CORPORATION
   3005 Highland Parkway, Suite 200
   Downers Grove, IL 60521,

       Defendants.

Case No. _____

_____

# COMPLAINT
_____

Plaintiff, Paul Janczak, by and through his attorneys, Mark S. Thetford and Axley Brynelson, LLP, by Attorneys Michael J. Westcott and Michael J. Modl, for his Complaint against Defendants Tulsa Winch Group ("TWG") and Dover Corporation ("Dover"), states as follows:

## NATURE OF ACTION

1. Plaintiff, Paul Janczak, brings this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a) and alleges retaliation and interference with his rights thereunder by Defendants TWG and Dover. Plaintiff also alleges breach of contract and promissory estoppel claims under state law.

2. Plaintiff would state that this action is not related to any other actions filed in this Court or any other Court.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims arise under the FMLA, 29 U.S.C. § 2601, *et seq.* This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Northern District of Oklahoma under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District and because the Defendants do business and are found in this District.

5. This Court has personal jurisdiction over Defendants because they do substantial business and are found in the Northern District of Oklahoma, and because the claims set forth herein arise, in substantial part, from events that occurred in the Northern District of Oklahoma.

## PARTIES

6. The Plaintiff, Paul Janczak, is an adult citizen of the State of Wisconsin and resides at 1415 Rapids Trail, Nekoosa, Wisconsin 54457.

7. At all material times to this Complaint, Plaintiff was an "eligible employee," within the meaning of 29 U.S.C. § 2611(2), because he had been employed by Defendants for at least twelve (12) months prior to the events described in this Complaint and worked at least 1,250 hours for Defendants during the twelve (12) month period preceding the events described herein.

8. The Defendant, TWG, is an entity doing business at 11135 South James Avenue, Jenks, Oklahoma 74037-1130. On information and belief, Defendant TWG is a corporate

subsidiary of Defendant Dover Corporation, whose offices are located at 3005 Highland Parkway, Suite 200, Downers Grove, Illinois 60521.

9. At all times material to this Complaint, Defendants were the Plaintiff's employer within the meaning of 29 U.S.C. § 2611(4).

## FACTS

10. Plaintiff began employment with Defendants on or about June 23, 2010.

11. Plaintiff was employed full-time in the position of General Manager, in charge of TWG – British Columbia operations.

12. Plaintiff's pay and benefits were all paid out of Tulsa, Oklahoma.

13. Plaintiff attended required meetings and trainings in the United States throughout his employment with Defendants.

14. Plaintiff periodically visited accounts and customers in the United States.

15. Plaintiff attended trade shows in the United States.

16. At all times during Plaintiff's employment with Defendants, Plaintiff was domiciled in the United States.

17. Plaintiff regularly performed work-related duties at home in the State of Washington during weekends. Additionally, Plaintiff reviewed on a daily basis, business e-mails from his home in the State of Washington.

18. Plaintiff was involved in business conference calls from his home in the State of Washington.

19. On July 30, 2012, Plaintiff was involved in a deer motorcycle collision in which Plaintiff was seriously injured. These injuries included a fractured neck, sinus and skull fractures, a concussion, damage to his right eye, three broken ribs, and a broken ankle.

20. Plaintiff applied for and was approved for medical leave under the FMLA.

21. Plaintiff received a written offer of employment from Defendants dated June 11, 2010.

22. The offer included compensation and a benefit package. The benefit package included a listing of certain specific benefits and noted that "additional Company policies and benefits are detailed in the Company Handbook."

23. One of the additional benefits specifically provided was Defendants' FMLA policy. Plaintiff was required to sign an acknowledgement of receipt and compliance with this policy, which he did.

24. Following the July 30, 2012 accident, Plaintiff, or his spouse, contacted Defendants and was advised that Plaintiff was eligible for FMLA leave.

25. Pursuant to this information, Plaintiff requested to use FMLA leave while he recovered from his serious accident.

26. Plaintiff received a notice of eligibility from Defendants specifically informing Plaintiff that he was eligible for FMLA leave.

27. Plaintiff completed and returned the FMLA certification completed by his health care provider regarding Plaintiff's own serious health condition. The certification was on a form provided by Defendants, which was the United States Department of Labor Form for Certification of FMLA Leave.

28. Both the Defendants' FMLA policy and the Employee Rights form which was attached to the FMLA certification advised Plaintiff of his FMLA rights and obligations including his right of reinstatement to his original position or an equivalent position with equivalent pay, benefits and other employment terms.

29. Defendants at no time informed Plaintiff that he was not eligible for FMLA leave.

30. In fact, in all communications from Defendants while Plaintiff was on leave following his July 30, 2012 accident, Defendants confirmed that Plaintiff was on FMLA leave and that he had those protections guaranteed by the federal FMLA.

31. Plaintiff reasonably relied on Defendants' representations that Plaintiff was eligible for, and receiving, FMLA leave and enjoyed all rights guaranteed to employees under FMLA.

32. Plaintiff was on medical leave for his own serious health condition between July 31, 2012 and September 30, 2012.

33. Plaintiff returned to work on October 1, 2012.

34. Defendants terminated Plaintiff's employment on October 1, 2012, his first day back to work following the exercise of his FMLA rights.

35. At the termination meeting, Defendants' officials contended that Plaintiff's position had been eliminated and that his termination was in no way based upon any performance deficiencies.

36. Prior to October 1, 2012, Defendants had never advised Plaintiff that his position may be eliminated.

37. Defendants have provided shifting reasons in an effort to justify Plaintiff's wrongful discharge from employment.

38. Under the terms of Plaintiff's employment agreement, Defendants were obligated to either provide to Plaintiff a three month notice prior to the end of the employment relationship or make payment of three months of compensation in lieu of notice.

39. Following termination of Plaintiff's employment, Defendants initially refused to pay required compensation, causing hardship for Plaintiff.

**FIRST CAUSE OF ACTION:**
**INTERFERENCE WITH PLAINTIFF'S EXERCISE**
**OF RIGHTS UNDER THE FMLA, 29 U.S.C. § 2615(a)(1)**

40. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 38 above.

41. The FMLA, as codified at 29 U.S.C. § 2615(a)(1) prohibits an employer from interfering with the exercise of or the attempt to exercise any right provided by the FMLA.

42. Plaintiff exercised a right under the FMLA when he took leave for treatment of a serious medical condition beginning on or about July 31, 2012.

43. By terminating Plaintiff's employment on October 1, 2012, refusing to pay post-termination compensation to which Plaintiff was entitled, refusing to reinstate Plaintiff to his position or a substantially equivalent position following his return to work, and refusing to allow Plaintiff to transfer to another position within the company, as allowed by company practice, Defendants willfully interfered with, restrained and denied Plaintiff's exercise of his rights as guaranteed by the FMLA, in violation of 29 U.S.C. § 2615(a)(1).

44. As a direct and proximate result of Defendants' violation of 29 U.S.C. § 2615(a)(1), Plaintiff has suffered economic damages, including his lost wages and other benefits of employment. Plaintiff seeks equitable relief, monetary relief for losses he has sustained as a result of Defendants' unlawful conduct, interest on that amount, liquidated damages, and attorney's fees and costs, as provided by 29 U.S.C. § 2617, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION:**

**RETALIATION AGAINST PLAINTIFF FOR ENGAGING IN PROTECTED ACTIVITY UNDER THE FMLA, IN VIOLATION OF 29 U.S.C. § 2615(a)(2)**

45. Plaintiff re-alleges and incorporates herein by reference the above paragraphs.

46. The FMLA prohibits an employer from discharging or in any manner discriminating against an individual because he engaged in FMLA protected activity.

47. Plaintiff engaged in FMLA protected activity when he requested and was granted leave to treat his own serious health condition beginning on or about July 31, 2012.

48. By refusing to timely compensate Plaintiff for a three month period, as required by his employment agreement, Defendants willfully discriminated and retaliated against Plaintiff for exercising his rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2).

49. Defendants' decision to refuse to timely pay compensation due under the employment contract at the time of Plaintiff's termination was motivated by Plaintiff's exercise of his FMLA rights.

50. Plaintiff would not have been denied compensation to which he was legally entitled by his employment agreement had he not taken FMLA leave.

51. By terminating Plaintiff's employment on October 1, 2012, Defendants willfully discriminated and retaliated against Plaintiff for exercising his rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2).

52. Defendants' decision to terminate Plaintiff was motivated by Plaintiff's absence from work on FMLA protected leave.

53. Plaintiff would not have been terminated had he not taken FMLA leave.

54. By failing to reinstate Plaintiff to his position or a substantially equivalent position, Defendants willfully discriminated and retaliated against Plaintiff for exercising his rights under FMLA in violation of 29 U.S.C. § 2615(a)(2).

55. Defendants' decision to not reinstate Plaintiff to his former position, or a substantially equivalent position, was motivated by Plaintiff's absence from work on FMLA protected leave.

56. Defendants would not have taken this action against the Plaintiff had he not exercised his right to take FMLA leave.

57. By refusing to permit Plaintiff to transfer to another position within the company, pursuant to the company's practice, Defendants willfully discriminated and retaliated against Plaintiff for exercising his rights under the FMLA in violation of 29 U.S.C. § 2615(a)(2).

58. Defendants' decision to not allow Plaintiff to transfer to another position was motivated by Plaintiff's absence from work on FMLA protected leave.

59. Plaintiff would have been permitted to transfer to another position within the company had he not taken FMLA leave.

60. As a direct and proximate result of Defendants' violation of 29 U.S.C. § 2615(a)(2), Plaintiff has suffered economic damages, including his lost wages and benefits. Plaintiff seeks equitable relief, damages for actual monetary losses that he has sustained as a result of Defendants' unlawful conduct, interest on that amount, liquidated damages, and attorney's fees and costs, as provided by 29 U.S.C. § 2617, in an amount to be determined at trial.

### THIRD CAUSE OF ACTION:
### BREACH OF CONTRACT

61. Plaintiff re-alleges and incorporates herein by reference the above paragraphs.

62. Plaintiff and Defendants entered into a lawful contract when Plaintiff accepted Defendants' offer of employment which included a variety of benefits including those rights under Defendants' FMLA policy.

63. These rights included reinstatement to Plaintiff's position upon his return from FMLA leave.

64. Benefits also included reassignment upon return from FMLA leave if, for whatever reason, Plaintiff's position was no longer available.

65. The contract between the parties also provided that if Defendants terminated Plaintiff's employment without providing a three month notice, and the termination was not for cause, Defendants must make payment of the three month salary obligation in lieu of notice.

66. Defendants terminated Plaintiff not for cause without providing the required three month notice.

67. Defendants breached the contract between the parties by failing to reinstate Plaintiff, by failing to reassign Plaintiff to another position within the company, and by failing to timely pay the three month salary in lieu of three month notice.

68. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered economic damages and seeks compensation for monetary loss including all consequential and incidental damages resulting from Defendants' unlawful conduct.

## FOURTH CAUSE OF ACTION:
### PROMISSORY ESTOPPEL

69. Plaintiff re-alleges and incorporates herein by reference the above paragraphs.

70. As noted above, Defendants made clear and unambiguous promises to Plaintiff regarding reinstatement, reassignment and prompt payment of compensation in lieu of three months' notice.

71. It was foreseeable that Plaintiff would rely upon these promises.

72. Plaintiff did, in fact, reasonably rely to his detriment upon Defendants' promises.

73. Hardship or unfairness to Plaintiff can only be avoided if Defendants' promises are enforced.

74. As a direct and proximate result of Defendants' failure to keep its promises which the Plaintiff reasonably relied upon to his detriment, Plaintiff has suffered monetary losses including consequential and incidental damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Paul Janczak, respectfully requests judgment and prays for the following relief:

A. A declaration that Defendants violated the FMLA when it terminated Plaintiff on October 1, 2012;

B. Damages equal to the amount of wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the termination of his employment, together with interest thereon, pursuant to 29 U.S.C. § 2617(a)(l)(A)(i)(I) and (ii);

C. An additional amount as liquidated damages equal to the amount of damages and interest awarded as requested in paragraph (B) above, pursuant to 29 U.S.C. § 2617(a)(l)(A)(iii);

D. Compensatory, consequential and incidental damages, as allowed, on Plaintiff's breach of contract claim, or alternatively, Plaintiff's promissory estoppel claim;

E. Plaintiff's costs of this action, reasonable attorney fees and reasonable expert witness fees, pursuant to 29 U.S.C. § 2617(a)(3); and

F. Such other legal and equitable relief as this Court deems just and proper, including, but not limited to, reinstatement to the position in which Plaintiff would now be employed but for the unlawful termination, or front pay in lieu of reinstatement pursuant to 29 U.S.C. § 2617(a)(1)(B).

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated this 12th day of March, 2013.

        s/ Mark S. Thetford
        Mark S. Thetford OBA # 12893
        The Edwards Law Firm
        8282 S. Memorial Drive, Suite 100
        Tulsa, OK 74133
        Telephone: (918) 302-3700
        Fax: (918) 615-3558
        Email: mthetford@edwardlawok.com

        and

        Michael J. Modl
        Michael J. Westcott
        AXLEY BRYNELSON, LLP
        2 E. Mifflin Street, Suite 200
        Madison, WI 53703
        Telephone: (608) 257-5661
        Facsimile: (608) 257-5444
        E-mail: mmodl@axley.com
        E-mail: mwestcott@axley.com

        Attorneys for the Plaintiff, Paul Janczak