UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA
_____

PAUL JANCZAK,

        Plaintiff,                                  Case No. 4:13-cv-00154-CVE-FHM

    v.

TULSA WINCH, INC.,

        Defendant.

_____

**PLAINTIFF'S MOTIONS IN LIMINE**
_____

NOW COMES Plaintiff, Paul Janczak ("Janczak") by and through his undersigned counsel, and hereby submits the following Motions in Limine for trial.

**Motion in Limine No. 1: Motion to Exclude Evidence, Argument or Questions Relating to Janczak's Family Business and Distributions Received From the Business.**

Janczak's mother, Shirley Janczak, is the sole owner of Janczak Land Company, LLC, which is a Wisconsin company that leases industrial office space. (Janczak Depo., pp. 42-43). [1] From 2004 to the present, Janczak has assisted his mother in managing the business, including the handling of paperwork. At no time, has Janczak ever owned an interest in Janczak Land Company. For his assistance, Janczak received approximately $10,000 per month from Janczak Land Company from 2004 to the present. (*Id.* at p. 47). Janczak estimates that spends approximately 4 hours a week helping his mother manage and run the business. (*Id.* at 45).

It is expected that Defendant will attempt to introduce evidence of Janczak's receipt of income from Janczak Land Company, LLC. Any such attempt is irrelevant and should be barred

---

[1] For references to Paul Janczak's deposition, please see Dckt #61, Ex. 1 and for references to Steve Oden's deposition, please see Dckt #61, Ex. 7.

under FRE 401 and 402 because Janczak's receipt of business income is not a "fact of consequence in determining the action." A defendant in an employment discrimination case "is not entitled to any offset for earnings from [a] plaintiff's secondary income inasmuch as plaintiff prove[s] to the Court's satisfaction that he could have achieved these earnings in addition to any earnings he could have made had he not been fired by defendant." *Leidel v. Ameripride Servs.*, 276 F. Supp. 2d 1138, 1144-1145 (D. Kan. 2003). Similarly, income from "moonlighting jobs" are also generally not deducted because an employee could have held such a job and retained those earnings even if his or her primary employment remained the same. *Id.* In *Whatley v. Skaggs*, 508 F. Supp. 302, 304 (D.Col. 1981), *aff'd in part*, 707 F.2d 1129 (10th Cir. 1982), the trial court found that certain earnings plaintiff earned helping his wife run her business should not be offset in an employment discrimination case because "these earnings reflect work he easily could have performed in spare time, on an occasional basis, to help the family business."[2] Likewise, in *Denton,* the court held that income from commercial rental property was not interim earnings and could <u>not</u> be deducted by the employer because the plaintiff could have performed his responsibilities as a landlord in his spare time. *Denton v. Boilermakers Local 29,* 673 F.Supp. 37, 48 (D.Mass. 1987).

Here, Janczak's receipt of income from a family business does not constitute "interim earnings" and should not reduce any damages he is awarded at trial. Janczak has been working approximately four hours per week assisting the family business by doing paperwork and there is no reason to believe he could not perform those duties if he was still employed by Defendant. Indeed, Janczak was able to perform these same duties for Janczak Land Company while being employed by Defendant and other employers before being hired by Defendant.

---

[2] The issue of self-employment earnings was not raised on appeal to the Tenth Circuit.

Even if Janczak's involvement with other businesses was relevant, it should be barred under FRE 403, which provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste or time, or needless presentation of cumulative evidence."  Here, the only purpose to introduce evidence of Janczak's receipt of income from a family business would be to portray Janczak as an unsympathetic plaintiff or suggest that Janczak was distracted by his obligations to his family business.  Oden, the decision-maker on the termination decision, has testified that Janczak's performance played no role in the decision to terminate Janczak.  (Oden Depo., p. 135).  Such evidence could cause the jury to improperly decide this case on its emotion or sympathies or on irrelevant factors.

For these reasons, Defendant should be precluded from proffering any evidence, argument or questions regarding Janczak Land Company, LLC or Janczak's receipt of income from Janczak Land Company, LLC.

**Motion in Limine No. 2: Motion to Exclude Evidence, Argument or Questions Relating to Janczak's Involvement With or Ownership of Other Businesses.**

As mentioned above, Janczak received income from a family business called Janczak Land Company, LLC.  In addition, Janczak previously was the sole owner of Gallery Development that was started in 2003 or 2004.  (Janczak Depo., p. 50).  Gallery Development was dissolved in 2008 or 2009 and is no longer in existence.  (*Id.* at 51).  Janczak last received any income from Gallery Development in 2006 or 2007.  (*Id.*)  The parties have agreed that evidence related to Gallery Development will be excluded.  Janczak testified, in his deposition, that he established an entity, Janczak Land Development LLC, on the advice of his attorney, to receive the monthly distributions from his mother's company and to protect Janczak against

liability. (Janczak Depo., p. 52-54). Defendant has not agreed that evidence regarding Janczak Land Development LLC should be excluded.

Any reference to Janczak's involvement with or ownership of other businesses has no relevance or probative value to the issues in this lawsuit and should be barred under FRE 401 and 402. Similar to the fact of monthly payments discussed in Janczak's Motion in Limine No. 1, the creation of an entity to avoid liability and to accept monthly distributions has absolutely no relevance to any issue of liability or damages in this case. Additionally, under Rule of Evidence 403, the probative value, if any of such evidence is substantially outweighed by the dangers of unfair prejudice, confusion of the factual issues to be tried, potential misleading of the jury and waste of the Court's and jury's time. The jury could speculate that Janczak established the corporate entity for an improper purpose. Additionally, the parties will waste the Court and the jury's time explaining the legal reasons for establishing a corporate entity under these circumstances. Again, evidence of Janczak's ownership of Janczak Land Development LLC is not even remotely relevant to any of the issues to be tried in this case. Accordingly, the Court should exclude all evidence and argument in the presence of the jury related to Janczak's ownership of Janczak Land Development LLC.

**Motion in Limine No. 3: Motion to Exclude Evidence, Argument or Questions Relating to Communications and Emails Regarding Janczak's Presence In Wisconsin On July 30, 2012 at the Time of the Accident.**

Janczak's motorcycle accident that led to his need for FMLA leave occurred on Monday, July 30, 2012 near his home in Wisconsin. Janczak was scheduled to fly out of Madison, Wisconsin on the morning of July 30, 2012 to arrive in Vancouver around noon that same day where he would take a half-day of vacation and then report to work. (Janczak Depo., pp. 139-140). However, Janczak became sick in the early morning hours of July 30, 2012 and sent an

email at 4:14 a.m. to certain colleagues that he would be staying home because he was not feeling well. (*Id.* at 139). After taking some medications provided by his wife, Janczak felt better in the afternoon hours of July 30, 2012 and subsequently retrieved his motorcycle from storage that evening when his accident occurred. (Id. at 140-141). Prior to his accident, Janczak's plan was to fly out of Wisconsin on an early morning flight on July 31, 2012.

It is anticipated that Defendant will attempt to introduce emails and communications from Janczak showing that he was present in Wisconsin on Monday, July 30, 2012 when he was scheduled to work. This evidence should be barred because it is both irrelevant and prejudicial. First, whether Janczak was planning to fly to Vancouver on the morning of July 30, 2012 and his decision to stay home because of an illness has no probative value to any claim or defense in this lawsuit. It is not disputed by Defendant that Janczak suffered a serious injury on July 30, 2012 that entitled him to take FMLA leave. There is also no claim by Defendant that it would have terminated or disciplined Janczak for taking a half-day on July 30th and flying out of Wisconsin on a red-eye flight. In fact, Defendant officials claim that the only reason for terminating Janczak's employment was that there was not a need for a GM in Canada due to a claimed "matrixed" organization. Accordingly, Janczak's performance, including his attendance, has no relevance to the issues in this case.

Even if Defendant could somehow establish that this evidence has some bearing on Janczak's FMLA claims or its defenses, this Court should exclude such information pursuant to FRE 403. Permitting the jury to learn of Janczak's emails or other communications reflecting his presence in Wisconsin on the date of the accident would result in unfair prejudice to Janczak because it would attempt to portray Janczak as a dishonest employee or somehow in violation of Defendant's policies. Further, such evidence should be barred because it would require a series

5

of mini-trials on rather collateral events with no real probative value that would waste time and confuse the jury. *See Koch v. Koch Indus.,* 203 F.3d 1202, 1229 (10th Cir. 2000) (barring evidence under FRE 403 because it would result in a series of mini-trials on collateral issues and would result in wasted time and unnecessary confusion in the minds of the jurors).

For these reasons, Defendant should be precluded from proffering any evidence, argument or questions relating to communications and emails regarding Janczak's presence in Wisconsin on July 30, 2012.

**Motion in Limine No. 4: Motion to Exclude Evidence, Argument or Questions Relating to Janczak's Application for Canadian Work Permits From July Through September 2012.**

Janczak's Canadian work permit expired in August 2012 while he was on FMLA leave. (Janczak Depo., pp. 212-13). Prior to going on leave, Janczak called a Canadian government office and was told of a new online system that would take a day or two to renew his work permit. (*Id*. at 213). When Janczak attempted to use the online system to renew his work permit, it was not working properly and it took him days to obtain the permit. Consequently, Janczak was not able to obtain a new work permit before his prior permit expired.

It is anticipated that Defendant will attempt to introduce evidence that Janczak's work permit expired when he was on FMLA leave. This evidence should be barred because it is both irrelevant and prejudicial. First, Janczak's boss, Steve Oden, testified that his decision to terminate Janczak had nothing to do with the work permit expiring. (Oden Depo., p. 198). Second, the parties have not raised any claim or defense that would in any way implicate or involve Janczak's work permit. Accordingly, the expiration of Janczak's work permit has no probative value in this case and should be barred under FRE 401 and 402.

Even if Defendant could somehow establish that this evidence has some bearing Janczak's FMLA claims or its defenses, this Court should exclude such information pursuant to

FRE 403. Permitting the jury to learn of the circumstances surrounding the expiration of Janczak's work permit would result in unfair prejudice to Janczak because it would attempt to portray Janczak as an irresponsible employee. Further, such evidence should be barred because it would require a series of mini-trial on rather collateral events with no real probative value that would waste time and confuse the jury. *See Koch v. Koch Indus.,* 203 F.3d 1202, 1229 (10th Cir. 2000) (barring evidence under FRE 403 because it would result in a series of mini-trials on collateral issues and would result in wasted time and unnecessary confusion in the minds of the jurors).

For these reasons, Defendant should be precluded from proffering any evidence, argument or questions relating to Janczak's application for Canadian work permits from July through September 2012.

**Motion in Limine No. 5: Motion to Exclude Any Evidence Concerning Janczak's Departure from Former Employer Brevini International Holding.**

It is anticipated that the Defendant may attempt to introduce evidence that one of Janczak's previous employers had released him from a job. The introduction of any evidence on this topic should be excluded under Rule 401 as it is irrelevant to the claims in the present lawsuit and under Rule 403 as the introduction of this evidence would only serve to unduly prejudice the jury.

In 2004, Janczak was released from a job with Brevini International Holding ("Brevini"), an affiliate of an Italian parent company. (Dckt # 61, Ex. 1, 40) (Deposition of Paul Janczak). He was advised at the time that his release was due to poor economic conditions and he received a severance of $90,000.00. (*Id.*, 40-42).

The circumstances of Janczak's departure from Brevini have no relevance to the issues in the present lawsuit. The Defendant claims that its termination of Janczak arose solely out of its

decision to eliminate a position within the company and had nothing to do with him personally or his job performance (Dckt #68, Ex. 3, p. 135)(Deposition of Defendant's president Steve Oden)(Termination was organizational in nature and not about performance). Accordingly, any information concerning Janczak's departure from Brevini (which was not even Janczak's last employer prior to Defendant) is irrelevant to this lawsuit and should be excluded under Rule 401.

Additionally, even if the information is deemed relevant, its probative value is substantially outweighed by the danger of unfair prejudice and risk of misleading the jury. The Defendant's purpose in introducing such evidence would be to subtly suggest that, because Janczak had previously been dismissed by a prior employer, there must an unstated personal reason for his dismissal by the Defendant. However, there is no basis in the evidence for any linkage between the dismissals. Allowing the introduction of such evidence would require Janczak to introduce unnecessary testimony regarding the Brevini dismissal, unfairly prejudice the Plaintiff's right to have the jury reach a verdict based upon the facts of the present Complaint, and potentially mislead the jury to make a decision based upon the Defendant's suggested innuendo. Any evidence of Janczak's departure from Brevini should be excluded pursuant to Rule 403.

**Motion in Limine No. 6: Motion to Exclude Evidence Concerning Janczak's History with Andrew Masullo And Any Alleged Performance Deficiencies While Janczak Worked Under Masullo's Supervision.**

The Defendant has readily admitted that Janczak's former supervisor Andrew Masullo was manipulative and controlling and critical of Janczak, including in his periodic written reviews of him to management. (Dckt 61, Ex. 7, p. 21)(Deposition of Steve Oden). Because of Masullo's treatment of employees, the Defendant fired Masullo in May 2012. (Dckt 61, Ex. 2, ¶ 5)(Declaration of Steve Oden). Now, it is anticipated that the Defendant will attempt to

introduce evidence of Janczak's past work history with Masullo in an attempt to unfairly tarnish Janczak's reputation with the jury. Evidence of Janczak's history with Masullo should be excluded under Rule 401 as irrelevant and under Rule 403 as unfairly prejudicial.

Masullo's interactions with and reviews of Janczak have no relevance to the claims and issues in this lawsuit. The Defendant claims that it did not fire Janczak for any causal reason but simply because it decided to structurally eliminate his general manager position while, coincidentally, he was on FMLA leave. Just prior to Janczak taking FMLA leave, president Steve Oden told Janczak he was being given a "fresh start" and would be given an opportunity to demonstrate his leadership and his performance would be reviewed at the end of the third quarter. (Dckt # 61, Ex. 7, p. 21); (Dckt #68, Ex. 3, p. 87); (Dckt #68, Ex. 10)(2012 Annual Summary for Paul Janczak). Defendant's president Steve Oden testified as follows regarding his communications with Janczak at the time he was terminated:

> Q: To be clear, your statement to him was clear that performance was not an issue, right?
> A: I believe I said that I said it wasn't about performance. It was the fact that the organization didn't need a general manager and his position had been eliminated.

(Dckt #68, Ex. 3, p. 135). Accordingly, as Janczak's past performance and interactions were not the basis for the Defendant's employment decision, his prior history with fired supervisor Masullo is irrelevant to the triable issues.

Even the time period relevant to the present lawsuit is separate and distinct from the time period that Masullo supervised Janczak. Masullo was fired for his actions and mistreatment of employees in May 2012. After he was fired, Janczak began reporting directly to president Steve Oden. In July 2012, Oden reviewed Janczak and advised that he was starting with a clean slate. It was shortly thereafter, on July 31, 2012, that Janczak exercised his right to FMLA leave. It is the Defendant's actions during August 2012, when it chose to terminate Janczak's employment,

that are at issue in this lawsuit. Masullo had long since been fired by this time and any evidence about him at trial is not relevant and should be excluded under Rule 401.

The only relevance of Masullo's conduct toward Janczak is that Masullo's controlling and manipulative behavior explains why, following Masullo's termination, Janczak, a nearly two year employee with TWG, was being given an opportunity to demonstrate his leadership capabilities as General Manager over the Canadian operation. It is important that the jury be presented these facts so they are not confused as to the reason Janczak was given a fresh start and was considered "new" for purposes of the Success Factors talent review program.

The probative value of any evidence regarding Masullo is substantially outweighed by the danger of confusing the jury and wasting its time. The focus of the jury's decision will be on whether the Defendant legitimately eliminated Janczak's position or whether it decided to release him once it learned of his medical prognosis. The Defendant does not claim Janczak was fired for cause. (Dckt #68, Ex. 3, p. 135) To venture far afield into Janczak's employment history with his former supervisor risks misleading the jury into thinking that such issues were relevant to the Defendant's decision. They will also consume valuable time at trial as extra witnesses will need to be called to address Masullo's behaviors towards Janczak and others that he supervised. *See Koch v. Koch Indus.*, 203 F.3d 1202, 1229 (10th Cir. 2000)(district court properly excluded collateral character evidence that would lead to juror confusion and mini-trials). Accordingly, the history of Janczak and Masullo should be excluded under Rule 403.

**Motion in Limine No. 7: Motion to Exclude Any Evidence of Janczak's Health Care Provider Visits After August 31, 2012.**

It is anticipated that the Defendant will seek to introduce testimony or evidence from Janczak or his physician regarding Janczak's medical recovery and visits to his health care

10

providers during September 2012. However, based upon the Defendant's own admissions, such evidence is irrelevant to the claims in this lawsuit and should be excluded.

The Defendant claims the decision to eliminate Janczak's position (and him) was made on August 14, 2012. (Dckt #61, p. 7, ¶ 14)(Defendant's Brief in Support of Motion for Summary Judgment). The Plaintiff asserts that this decision was made on August 27, 2012, after the Defendant received new information about the indefinite nature and length of Janczak's FMLA leave. Under either scenario, the parties agree that this decision was made by the end of August 2012. (Dckt #61, p. 8, ¶ 16). Janczak used the August 31, 2012 date because this is the first written communication by Oden to anyone that he had decided to eliminate the GM position and to discharge Janczak. As a result, Janczak's medical information which he received in September 2012 is irrelevant to the Defendant's decision to eliminate Janczak's position and is therefore irrelevant to the issues to be decided by the jury.

The introduction of this evidence should also be excluded, even if it is deemed relevant, under Rule 403 because its probative value is substantially outweighed by a danger of confusing the issues and misleading the jury. There is no question that the decision to eliminate Janczak's position and him was made in August 2012, either on the 14th or the 27th. There is no suggestion or evidence that the Defendant reconsidered its decision after August. Therefore, the key evidence to be considered by the jury will be the medical information that was in the Defendant's possession at the time it made its decision. Evidence of Janczak's medical visits in September 2012 would only serve to confuse and mislead the jury as to what specific medical information was known to the Defendant in August 2012 when it decided to eliminate Janczak's position.

**Motion in Limine No. 8: Motion to Exclude All Evidence Relating to Severance Agreements Between Janczak and Prior Employers.**

During discovery in this case, Defendant subpoenaed employment records from employers with whom Janczak had worked prior to his employment with Defendant. Janczak held executive-level positions with prior employers. As part of his separation from employment, Janczak and prior employers entered into severance agreements. The fact that Janczak entered into a severance agreement, and the amount of severance paid under the agreement, have absolutely no relevance to any issue in the present case.

Defendant suggests that the amount of severance paid in these unrelated severance agreements somehow is relevant to the reasonableness of Defendant's separation pay offer in the present case. Neither the settlement offer by Defendant nor the severance agreements from prior employment have any relevance whatsoever. This case is not about the reasonableness of any settlement offer and, in fact, Janczak expects that Defendant will move in limine to exclude settlement discussions altogether. The damages issue in this case will be lost wages and benefits owed to Janczak. Offers and counteroffers relating to the unsuccessful separation agreement negotiations will not be relevant. Even more removed from the settlement negotiations in this case is severance paid to Janczak years ago by other employers wholly unrelated to Defendant or any Dover company.

Moreover, under Federal Rules of Evidence 403, most of the dangers and considerations identified in the Rule are applicable to evidence of prior separation agreements. There would be a need to look at what potential claims Janczak had at the time of separation from these prior companies. None involved Janczak being terminated while on FMLA leave. There would be a need to examine the employer's rationale for any termination decision. This evidence would be a waste of the Court's and the jury's time. Such evidence will likely confuse the jury as to what

issues are actually being litigated in this case. Additionally, such evidence has a great potential to result in unfair prejudice to Janczak. The jury may believe that the proper measure of damages is what Janczak received under unrelated prior severance agreements.

Accordingly, the Court should exclude all evidence of prior severance agreements between Janczak and former employers, including the terms of all such agreements. Such evidence is irrelevant and, if even marginally relevant, the probative value is substantially outweighed by those dangers and considerations set forth in Federal Rules of Evidence 403.

Dated this 18th day of April, 2014.

s/ *Michael J. Modl*
Michael J. Modl (admitted *pro hac vice*)
Michael J. Westcott (admitted *pro hac vice*)
AXLEY BRYNELSON, LLP
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
E-mail: mmodl@axley.com
E-mail: mwestcott@axley.com

and

Mark S. Thetford; OBA#12893
The Edwards Law Firm
8282 S. Memorial Drive, Suite 100
Tulsa, OK 74133
Telephone: (918) 302-3700
Facsimile: (918) 615-3558
E-mail: mthetford@edwardlawok.com

*Attorneys for the Plaintiff, Paul Janczak*