UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL JANCZAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-0154-CVE-FHM |
| ) | |
| TULSA WINCH, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Combined Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Brief in Support (Dkt. # 148). Defendant moves to dismiss plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(1), arguing the claim is moot because defendant has paid plaintiff all damages to which he may be entitled. Id. at 6-7. Plaintiff responds that the factual issue of whether plaintiff may be entitled to additional compensation has not been conclusively established and that plaintiff's claim is not moot. Dkt. # 150. Plaintiff asks the Court to deny defendant's motion. Id.

Plaintiff originally filed this action in 2013, alleging interference with the exercise of his rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., and retaliation for engaging in protected activity under the FMLA. Dkt. # 1. Plaintiff asserts that defendant interfered with his rights and retaliated against him for taking FMLA leave by terminating plaintiff's employment, refusing to pay post-termination compensation, refusing to reinstate plaintiff to his position or a substantially equivalent position, and refusing to allow plaintiff to transfer to another position. Id. at 6-8. This Court granted summary judgment in favor of defendant, finding that

defendant had shown, as a matter of law, that it would have discharged plaintiff pursuant to a restructuring plan regardless of plaintiff's exercise of his FMLA rights. Dkt. # 121. On appeal, the Tenth Circuit Court of Appeals affirmed the Court's grant of summary judgment on the retaliation claim, but reversed the ruling on the interference claim and remanded for further consideration. Dkt. # 135. The Tenth Circuit concluded that summary judgment on the interference claim was premature when the evidence defendant presented to show it would have terminated plaintiff's position regardless of his FMLA leave only showed that defendant was contemplating eliminating the position and did not conclusively show that plaintiff's termination would certainly have occurred. Id. at 7.

Defendant subsequently filed this motion to dismiss plaintiff's interference claim, arguing that the Court lacks subject matter jurisdiction because plaintiff's claim is moot. Dkt. # 148, at 1. Defendant asserts that the Tenth Circuit explicitly or implicitly affirmed this Court's factual findings that defendant eliminated plaintiff's position as part of a restructuring plan and that defendant paid plaintiff through the entire restructuring period. Id. at 5. Defendant asserts that these factual findings now apply as "law of the case." Id. at 3. Defendant argues that, because these factual issues have been conclusively decided, plaintiff's claim is moot because plaintiff is entitled to no damages beyond the restructuring period. Id. at 5. Plaintiff responds that the Tenth Circuit's explicit or implicit affirmance of a factual finding does not invoke the law of the case doctrine because this doctrine does not apply to factual findings. Dkt. # 150, at 3. Plaintiff further responds that plaintiff's claim is not moot because disputed factual issues exist, demonstrating that there is an actual case or controversy. Id. at 5.

First, defendant misapprehends the reach of the law of the case doctrine. The law of the case doctrine, which is intended to prevent re-litigation of issues already decided in the same action, does not apply to factual findings. Ayala v. United States, 49 F.3d 607, 610 (10th Cir. 1995) ("The law of the case doctrine applies only to rules of law decided in the same case. Plaintiffs admit that the doctrine does not prohibit reconsideration of the district court's prior factual findings." (citations omitted)). Because the law of the case doctrine applies to rules of law only, defendant's argument that the Tenth Circuit's explicit or implicit affirmance of this Court's factual findings binds any further proceedings to these facts lacks merit. Nothing in the law of the case doctrine precludes this Court from reconsidering factual issues on remand.

Second, defendant misapplies the doctrine of mootness. A case becomes moot "if an event occurs while a case is pending [] that makes it impossible for the court to grant any effectual relief whatever to the prevailing party." Prier v. Steed, 456 F.3d 1209, 1213 (10th Cir. 2006). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." Chihuahuan Grasslands Alliance v. Kempthorne, 545 F.3d 885, 891 (10th Cir. 2008) (internal quotation marks omitted). This Court has "no power to give opinions upon moot questions or declare principles of law which cannot affect that matter in issue and the case before it[.]" Id. Accordingly, "[o]nce a controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter." Id. (internal quotation marks and alteration omitted).

But defendant's argument for dismissal is not an argument that the controversy between the parties has ceased to exist. Defendant's argument that it has paid plaintiff all damages to which he is entitled is, in essence, an argument that no factual dispute exists as to damages to which plaintiff

is entitled or has received. Defendant's argument is appropriately argued and considered under a summary judgment standard, where the Court considers whether any genuine disputes of material fact exist and whether a party is entitled to relief as a matter of law. It is not appropriately characterized as an argument that the Court lacks the ability to grant any effectual relief to plaintiff. As such, defendant's argument that plaintiff's claim is moot necessarily fails. Defendant's motion to dismiss should be denied, but the Court will permit defendant leave to file a motion for summary judgment, limited to the issue of damages only.

**IT IS THEREFORE ORDERED** that Defendant's Combined Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Brief in Support (Dkt. # 148) is **denied**.

**IT IS FURTHER ORDERED** that defendant may file a motion for summary judgment limited to the issue of damages only no later than **December 1, 2015**.

**DATED** this 17th day of November, 2015.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE