UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL JANCZAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0154-CVE-FHM |
| | ) | |
| TULSA WINCH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On June 2, 2016, the Court held a telephonic hearing sua sponte with counsel on the procedural issue of bifurcation of the jury trial. The parties did not object to bifurcation into liability and damages phases. Counsel also raised the burden of proof related to the elements of plaintiff's FMLA interference claim. After reviewing the parties' arguments and conducting additional research, the Court concludes the following regarding the burden of proof at trial.

An FMLA interference claim consists of three elements: "(1) that the employee was entitled to FMLA leave; (2) that some adverse action by the employer interfered with the employee's right to take FMLA leave; and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights." Janczak v. Tulsa Winch, 621 F. App'x 528, 531 (10th Cir. 2016) (unpublished)[1]. The parties have stipulated that the first two elements have been satisfied, but dispute which party carries the burden of proving the third element. Plaintiff argues that, based upon the Tenth Circuit's decision in this case, if the plaintiff proves the first two elements of the

---

[1] This unpublished opinion is not precedential, but may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1. The Court notes, however, that this opinion is the law of this case. See infra.

interference claim, the defendant has the burden of disproving the third element, i.e. that the reason defendant terminated plaintiff was unrelated to plaintiff's exercise of his FMLA rights. See id. ("If an employee demonstrates the first two elements, the employer bears the burden of demonstrating that the adverse decision was not related to the exercise of the employee's FMLA rights."); Dkt. # 207, at 1-5. Defendant asserts that the plaintiff has the burden of proving all three elements, after which the defendant bears the burden of proving its affirmative defense that it would have terminated plaintiff regardless of the exercise of his FMLA rights. Dkt. # 201, at 1-2.

The Court has reviewed the Tenth Circuit opinion in this case, and has traced the lineage of cases that support the Tenth Circuit's view that, if a plaintiff proves the first two elements, the defendant must prove the third element, reviewing both published and unpublished opinions. First, the Tenth Circuit cited Dalpiaz v. Carbon Cnty, Utah, 760 F.3d 1126 (10th Cir. 2014), as support for its statement that the employer bears the burden on the third element if the employee proves the first two. Janczak, 621 F. App'x at 531. In Dalpiaz, the court, citing Campbell v. Gambro Healthcare, Inc., 478 F. 3d 1282 (10th Cir. 2007), stated that "[i]f the employee can demonstrate that the first two elements of interference are satisfied, the employer then bears the burden of demonstrating that the adverse decision was not 'related to the exercise or attempted exercise of [the employee's] FMLA rights.'" 760 F.3d at 1132. The court in Campbell, discussing the differing burdens between an FMLA interference and an FMLA retaliation claim, stated that "the employer bears the burden of proof on the third element of an interference claim once the plaintiff has shown her FMLA leave was interfered with." 478 F.3d at 1287. The Campbell court cited Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164 (2006), as supportive of this statement. Id. However, in Metzler, the Tenth Circuit identified the three elements of an FMLA interference claim, and stated

2

that "to prevail on an interference . . . theory the plaintiff must demonstrate" the requisite elements. 464 F.3d at 1180 (emphasis added). The Metzler court then discussed the burden a defendant has in proving its affirmative defense--that the employee would have been dismissed regardless of his FMLA leave--a burden distinct from plaintiff's burden of establishing the three elements of his claim. Id. And the portion of Metzler that the Campbell court cites acknowledged differing burdens between an FMLA interference and FMLA retaliation claim, but did not specifically discuss the burden of proof for an interference claim. See id. at 1170.

The Court has also reviewed other Tenth Circuit cases discussing the burden of proof in an FMLA interference claim that clearly delineate a plaintiff's burden of proving the third element and a defendant's burden of proving its affirmative defense. See, e.g., Gabriel v. Colo. Mountain Med, P.C., 628 F. App'x 598, 600 (10th Cir. 2015) (unpublished)[2] (explaining that a plaintiff must prove the three elements of an FMLA interference claim but explaining that a defendant may prevail by demonstrating that the employee would have been terminated regardless of FMLA leave); Sabourin v. Univ. of Utah, 676 F.3d 950, 958 (10th Cir. 2012) (stating that a plaintiff must show the three elements of an FMLA interference claim before stating that "[e]ven if [plaintiff] shows these elements, the [defendant] still prevails if it shows that [plaintiff] would have been dismissed regardless of his request for, or taking of, FMLA leave"); DeFreitas v. Horizon Inc. Mgmt. Corp., 577 F.3d 1151, 1160 (10th Cir. 2009) (considering plaintiff's burden of proving relatedness before considering defendant's defense that plaintiff's termination would have occurred regardless of her FMLA leave).

---

[2]  This unpublished opinion is not precedential, but may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Although the Court acknowledges that Tenth Circuit precedent is inconsistent in its statement of the burden of proof in an FMLA interference claim, the Court is cognizant that the Tenth Circuit in this case followed the approach whereby the employer bears the burden on the third element if the employee successfully proves the first two elements. And, under the law of the case doctrine, the Court is bound by the Tenth Circuit's decision in this case. See Rorbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1005) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case. Thus when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." (internal quotation marks and citations omitted)). The Court concludes that it must follow the rule of law regarding the burden of proof the Tenth Circuit set out in this case. The jury will be instructed accordingly and asked to answer the following special interrogatory in to the liability phase:

> Has Tulsa Winch, Inc. proven by a preponderance of the evidence that Janczak's termination was not related to the exercise of Janczak's FMLA rights?

The Court notes that, although the instruction and special interrogatory in effect collapse the third element with the defendant's burden of proving its affirmative defense, such an instruction has little practical effect because the plaintiff's burden of proving relatedness is slight and is often satisfied by a showing of temporal proximity. See DeFreitas, 577 F.3d at 1160 (10th Cir. 2009) (finding that plaintiff sufficiently proved that the adverse employment action was related to the exercise of her FMLA rights based upon the temporal proximity between her request for leave and her termination). As Janczak was notified of his termination the day he returned from his FMLA leave, the Court believes that a jury could easily conclude that plaintiff met his burden of satisfying

4

this element simply by establishing the temporal proximity between his return from leave and his termination.

**IT IS SO ORDERED.**

**DATED** this 3rd day of June, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE